UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SONARA SUPRIEN,

    Plaintiff,

v.                                CASE NO. 8:26-cv-00733-SDM-AEP

AMICA MUTUAL INSURANCE
COMPANY,

    Defendant.
_____/

**<u>ORDER</u>**

Proceeding *pro se* and alleging claims under Title VII of the Civil Rights Act, the Pregnant Workers Fairness Act (PWFA), the Family and Medical Leave Act (FMLA), and unspecified "state laws," Sonara Suprien sues (Doc. 1) Amica Mutual Insurance Company, which moves (Doc. 5) to dismiss. No response appears.

The plaintiff alleges the following:

> On July 27, 2024, I informed my supervisor . . . of my pregnancy, after which I was denied reasonable accommodations, including remote work, and subjected to stricter in-office requirements than similarly situated employees. Due to pregnancy complications, I took protected FMLA leave from August 5, through September 15, 2024 and upon my return Amica retaliated against me for my pregnancy and use of FMLA leave by denying my [illegible].
>
> …
>
> Amica impos[ed] disparate work conditions, assign[ed] menial tasks, discipline[ed] me for trivial matters, den[ied] accommodation for pregnancy-related [symptoms], and reduc[ed] my compensation based on my protected leave . . . I was subjected to further retaliation and unwelcome sexually inappropriate comments by my supervisor, along with continued inflexible work requirements. As a result of this

> ongoing discrimination, retaliation and harassment, I was constructively discharged and forced to resign on July 29, 2025. Amica's conduct violated Title VII, the [PWCA], the FMLA and applicable state law, causing me to suffer lost wages, benefits, and emotional distress.

Because (1) the plaintiff fails to state each claim in numbered paragraphs; (2) the plaintiff fails to allege each claim in a separate count; (3) the plaintiff fails to allege which facts support each claim; (4) the plaintiff fails to allege facts with the specificity required to state any claim; (5) the plaintiff fails to allege the applicable provisions of Title VII, the PWFA, and the FMLA; and (6) the plaintiff fails to allege the applicable "state laws," the motion (Doc. 5) to dismiss is **GRANTED**, and the complaint (Doc. 1) is **DISMISSED** with leave to amend the complaint no later than **JUNE 22, 2026**. If the plaintiff fails to amend on or before **JUNE 22, 2026**, this order becomes final (the action will end). If the plaintiff fails to state a claim in the amended complaint, an order will dismiss the action.

In any amended complaint the plaintiff must (1) plead her complaint in separate claims and include no more than one claim in each count of the amended complaint; (2) state above each count in the form of a title or a heading the name of one and only one claim that the count alleges and whether the claim is based on federal law or based on state law; (3) separate or identify the facts that support each count from the facts that support another count or counts; (4) identify within each count the defendant or defendants against whom that count states a claim; and (5) state the requested relief within each count. For each alleged claim, the plaintiff should provide facts revealing who committed each important act or omission, what each

- 2 -

person did or failed to do, when and where the act or omission occurred, how the act or omission affected the plaintiff, and the amount of monetary loss or other injury the plaintiff sustained as a result.

### A CAUTION TO THE PLAINITFF

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action. Therefore, the plaintiff is strongly advised to obtain legal advice and assistance—preferably full representation—from a member of The Florida Bar.

To the extent she intends to continue to represent herself in this action, the plaintiff should familiarize herself with both the Federal Rules of Civil Procedure at https://www.uscourts.gov/forms-rules/current-rules-practice-procedure/federal-rules-civil-procedure and the Local Rules for the Middle District of Florida at https://www.flmd.uscourts.gov/local-rules, a copy of each of which is available in the clerk's office on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida. Also, the plaintiff can consult the "Litigants Without Lawyers" guide at https://www.flmd.uscourts.gov/litigants-without-lawyers.

**ORDERED** in Tampa, Florida, on June 1, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE